```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
DMBJ PRODUCTIONS,

                        Plaintiff,
                                            08 Civ. 6160 (DAB)
                                            MEMORANDUM & ORDER
            -against-

TMZ TV, HARVEY LEVIN PRODUCTIONS,
TIME WARNER, INC., "JOHN DOE"
#1 through #20 and "JANE DOE" #1
through #20,

                        Defendants.
----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11 Aug 09

DEBORAH A. BATTS, United States District Judge.

Plaintiff DMBJ Productions ("DMBJ") brought suit on July 7, 2008 against TMZ TV ("TMZ"), Harvey Levin Productions ("Levin"), and Time Warner Inc. ("Time Warner"), alleging copyright infringement and various state law claims including, inter alia, negligence and unjust enrichment. Defendants moved to dismiss on November 25, 2008 alleging that the Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), for a federal question because Plaintiff did not register the work in question, and because there is no federal diversity jurisdiction over the state law claims. Defendant also alleged that Plaintiff lacks capacity to file suit in federal court because Plaintiff is not registered as a corporation in New York, and that Plaintiff's

1

state law claims must be dismissed as preempted by the Copyright Act and for failure to state a claim. Plaintiff opposed alleging <u>inter alia</u> that a "paparrazo" has protectable rights in his film clips notwithstanding the lack of a certificate of registration, and that diversity of jurisdiction exists.

## I. BACKGROUND

The following facts, which are alleged in the Complaint in 08 Civ. 6160 (DAB), are assumed to be true for the purposes of this Memorandum and Order.

Plaintiff DMBJ is a company ". . . doing business, organized and existing pursuant to the laws of the State of New York, with its principal place of business located in New York, New York." (Compl. ¶ 2.)[1] Plaintiff is engaged in the business of selling photographs, film, and video for profit. (<u>Id.</u> ¶ 4.)

The Complaint does not allege the principal place of business of any Defendant, only the place of incorporation of each. According to the Complaint, Defendant TMZ TV ("TMZ") is a

---

[1] Although generally the Court assumes all allegations in the Complaint to be true, Plaintiff's counsel conceded in his memorandum in opposition to the motion to dismiss that DBMJ Productions "is the acronym for Plaintiff's name, to wit, David M. Brodrick, Jr." but that the company DBMJ lacks a business registration as required by New York law. (Pl. Opp. at 16.)

corporation organized and existing pursuant to the laws of the State of California.  TMZ conducts business throughout the United States under the trade name TMZ, and is in the business of providing entertainment news.  (Id. ¶ 5.)  Harvey Levin Productions, Inc. ("Levin") is a corporation organized and existing pursuant to the laws of the State of California which produces shows for the Defendant TMZ.  (Id. ¶ 6.)  Time Warner Inc. ("Time Warner") is a corporation organized and existing pursuant to the laws of the State of Delaware.  Time Warner is the parent company of Defendant TMZ.  (Id. ¶ 7.)

On April 4, 2004, Plaintiff filmed Jennifer Lopez entering a taping of "Inside the Actor's Studio."  (Pl.'s Mem. of Law at Ex. C.)  On May 8, 2008, that footage was displayed on TMZ, an entertainment show "which Defendants control and directly profit from." (Compl. ¶ 11.)  TMZ aired the footage as a background image during a news report about a contract Jennifer Lopez allegedly signed with TLC to participate in a reality show.  (Id. ¶ 15.)  According to Plaintiff, TMZ had not received a valid license, authorization, permission or consent to use the allegedly copyrighted works that appeared on TMZ on that date.  (Id. ¶ 19.)  Plaintiff alleges that "TMZ improperly and

fraudulently and without the permission of the Plaintiff used and pirated copyrighted works owned by the Plaintiff." (Id. ¶ 10)

The Complaint alleges that Plaintiff owns the copyright to the footage. (Id. ¶ 12.) However, in its memorandum of law, Plaintiff conceded that it had not yet obtained a certificate of registration for the footage. (Pl.'s Mem. Law at 13.) According to the memorandum, Plaintiff applied for registration with the Copyright Office on January 7, 2009, and the application is still pending. (Id. at 13.)

## II. DISCUSSION

A.  Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1) even "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient." Frisone v. Pepsico Inc., 369 F.Supp.2d 464, 469 (S.D.N.Y. 2005).

When resolving issues of subject matter jurisdiction a district court is not confined to the complaint and may refer to evidence outside the pleadings, such as affidavits. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v.

Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)). Ultimately, however, the plaintiff "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005) (citing Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002)).

   a. Federal Question Jurisdiction

Section 411(a) of the Copyright Act states: ". . . no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."[2] 17 U.S.C. § 411(a).

Plaintiff further alleges that merely applying for registration is sufficient to confer subject matter jurisdiction on this Court. This argument is entirely without support in law. See DO Denim, Inc. v. Fried Denim, Inc., No. 08 Civ. 10947, 2009 U.S. Dist. LEXIS 51512, at *8 (S.D.N.Y. Jun. 17, 2009)("[t]he language, 'required for registration,' as used in the phrase, 'the deposit, application, and fee required for registration,'[as found in Section 411(a)] suggests strongly that the deposit,

---
[2] Plaintiff does not allege that it has "preregistered" the work pursuant to 17 U.S.C. § 411(a).

application and fee are prerequisites to registration and do not themselves constitute registration.").

The plain language of this section rejects the notion that submission of the application for registration is sufficient to confer federal question jurisdiction over a claim for copyright infringement.[3] See Corbis Corp. v. UGO Networks, Inc., 322 F. Supp. 2d 520, 521-22 (S.D.N.Y. 2004). Further, the Second Circuit Court of Appeals has unequivocally affirmed that the registration of a copyright is a pre-requisite to filing a

---

[3] Plaintiff's purported justification for bringing this action prior to registration is based on the legislative history of the Copyright Act and the reasoning published in Melville B. Nimmer & David Nimmer, Nimmer on Copyright. However, the legislative history of the Act, cited by Plaintiff, further supports the requirement of a registration or denial: "[t]he first sentence of section 411(a) restates the present statutory requirement that registration must be made before a suit for copyright infringement is instituted." H.R. Rep. No 94-1476 at 157 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5773. Further, the plaintiff cites Nimmer on Copyright § 7.16[B][1][a][I] which states that, "[a] party who seeks to register may proceed to litigate a claim, regardless of whether the Copyright Office ultimately issues the certificate, or by contrast denies it." 2-7 Nimmer on Copyright § 7.16[B][1][a][I]. However, the Second Circuit held that "section 411(a)'s registration requirement is a jurisdictional prerequisite to a copyright infringement suit." In re Literary Works in Elec. Databases Copyright Litig., 509 F.3d 116, 121-22 (2d Cir. 2007), cert. granted sub nom., Reed Elsevier, Inc. v. Muchnick, 129 S. Ct. 1523 (2009). Further, this Court has found Plaintiff's reasoning unpersuasive, and has clearly stated, with respect to Nimmer on Copyright § 7.16[B][1][a][I], that "the Nimmer approach contradicts the plain language of Section 411(a)." Greene v. Columbia Records/ Sony Music Entm't Inc., No. 03 Civ 4333, 2004 WL 3211771, at *3-4 (S.D.N.Y. Mar. 1, 2004).

copyright infringement action.  See In re Literary Works in Elec. Databases Copyright Litig., 509 F.3d 116, 121-22 (2d Cir. 2007), cert. granted sub nom., Reed Elsevier, Inc. v. Muchnick, 129 S. Ct. 1523 (2009). In In re Literary Works in Elec. Databases Copyright Litig., the Second Circuit held, "[g]iven our own binding precedent, not to mention the persuasive authority of our sister circuits, we again conclude that section 411(a)'s registration requirement limits a district court's subject matter jurisdiction to claims arising from registered copyrights only." Id.

Plaintiff then argues that although the Court may lack jurisdiction over aspects of its claim, the Court nevertheless has jurisdiction over the claim for actual damages. However, that argument is without merit. Plaintiff cites Business Trends Analysts, Inc. in support of its argument that it should be permitted to amend its Complaint to allege a claim for actual damages only. 887 F.2d 399 (2d Cir. 1989). There, the Court made clear that the plaintiff was only entitled to actual damages after it had a registered copyright. Id., 887 F.2d at 400. ("[b]ecause BTA registered its copyright only after the infringement, it was limited to a damage award for its losses or TFG's profits and was not entitled to statutory damages.") Here,

Plaintiff has not yet completed registration. Consequently, the Court also lacks jurisdiction over the claim for actual damages.

### b. Diversity Jurisdiction

Lacking federal question jurisdiction, the Court turns to 28 U.S.C. § 1332 which confers subject matter jurisdiction over actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). A party seeking to invoke diversity jurisdiction must allege, inter alia, facts demonstrating that complete diversity of citizenship exists between all parties to the action. Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157 (2d Cir. 1998). "[W]hether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) (citing 13B C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3608, at 448-49 (2d ed. 1984)); 15 J. MOORE, MOORE'S FEDERAL PRACTICE § 102.32, at 102-61-62 (3d ed. 1998); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004)).

Section 1332(c)(1) of the United States Code provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

principal place of business." 28 U.S.C. Section 1332(c)(1). Courts within the Second Circuit determine a corporation's principal place of a business based on two tests: (1) the "nerve center" test; and (2) the "public impact" or "place of operations" test. <u>R.G. Barry Corp. v. Mushroom Makers, Inc.</u>, 612 F.2d 651, 655 (2d Cir. 1979); see also <u>Helmsley-Spear, Inc. v. Ramfis Realty Inc.</u>, No. 03 Civ. 8482, 2003 WL 22801162, at *3 (S.D.N.Y. Nov. 25, 2003) (observing that "unlike its place of incorporation, a corporation cannot dispositively declare or select its principal place of business for jurisdictional purposes. Instead, a court draws this conclusion upon determining the location of the corporation's greatest public impact (or, in the case of a decentralized entity, its nerve center)."). "Which test should be applied in a particular case depends upon the structure and nature of the corporation." <u>Frisone v. Pepsico, Inc.</u>, 369 F. Supp.2d 464, 470-471 (S.D.N.Y. 2005) (citing <u>Augienello v. Fed. Deposit Ins. Corp.</u>, 310 F. Supp.2d 582, 590 (S.D.N.Y. 2004)).

Plaintiff bears the burden of demonstrating, by a preponderance of the evidence, that complete diversity of citizenship existed as of July 7, 2008, when the action commenced. Plaintiff's Complaint is facially deficient as it

9

fails to allege a principal place of business of any Defendant. Indeed, Defendants contend that complete diversity of citizenship is lacking in this action because Plaintiff DMBJ and Defendant Time Warner were both citizens of New York when the action commenced. Defendant Time Warner has put forward a good faith basis, under either test, for the claim that its principal place of business is in New York, at One Time Warner Center in New York City. Consequently, Plaintiff has failed to plead sufficiently the existence of diversity jurisdiction.

Therefore, the Court must dismiss this action for lack of both federal question and diversity jurisdiction.

B. Capacity to Sue in Federal Court

In addition, Defendants have raised the further issue of Plaintiff's capacity to sue in New York pursuant to the New York General Business Law. Rule 17(b)(2) of the Federal Rules of Civil Procedure, "[c]apacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized." FED. R. CIV. P. 17(b)(2). New York General Business Law, § 130(1), states:

> No person shall hereafter (i) carry on or conduct or transact business in this state under any name or designation other than his or its real name, or (ii) carry on or conduct

>or transact business in this state as a member of a partnership, unless: . . . (b) Such person, if a corporation, limited partnership or limited liability company, shall file . . . in the office of the secretary of state a certificate setting forth the name or designation under which business is carried on or conducted or transacted, its corporate, limited partnership or limited liability company name, the location including number and street, if any, of its principal place of business in the state, . . ., of each place where it carries on or conducts or transacts business in this state.

New York General Business Law, § 130(1)(McKinney 2009).

Further, New York General Business Law § 130(9) requires:

>Any person or persons carrying on, conducting or transacting business as aforesaid who fails to comply with the provisions of this section shall be prohibited from maintaining any action or proceeding in any court in this state on any contract, account or transaction made in a name other than its real name until the certificate required by this section has been executed and filed in accordance with the provisions set forth herein.

New York General Business Law § 130(9).

However, the failure to file a certificate of doing business pursuant to the section of General Business Law requiring a person to file a certificate of doing business is not jurisdictional and can be cured at any time prior to judgment. See Cohen v. OrthoNet N.Y. IPA, Inc., 800 N.Y.S.2d 380, 381 (N.Y. App. Div. 1st Dep't 2005).

Plaintiff concedes that it has not yet obtained a certificate of doing business from the State of New York. Therefore, the Complaint is also facially deficient as Plaintiff fails to allege accurately the capacity to sue in this Court.

### C. LEAVE TO AMEND

Even when a Complaint has been dismissed, permission to amend it "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "While it is the usual practice upon granting a motion to dismiss to allow leave to replead," Cohen v. Citibank, No. 95 Civ 4826, 1997 WL 883789, at *2 (S.D.N.Y. Feb. 28, 1997), a court may dismiss without leave to amend when amendment would be futile. Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

The Court lacking federal subject matter jurisdiction, under either a federal question or diversity theory, and Plaintiff lacking capacity to sue in federal court, there is no doubt that any attempt by Plaintiff to amend would be futile. Plaintiff cannot plausibly allege complete diversity from Defendant Time Warner, Inc. Accordingly, Plaintiff's cause of action must be dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED in its entirety. The Clerk of the Court is directed to close the docket for this case.

SO ORDERED.

Dated:  New York, New York

*August 11, 2009*

*Deborah A. Batts*
Deborah A. Batts
United States District Judge

13